CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
February 24, 2026
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
      DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **TRAVIS ETHEN DARNELL,** | )<br>) |
| Petitioner, | ) Case No. 7:26CV00155<br>) |
| v. | ) **OPINION**<br>) |
| **VDOC DIRECTOR CHADWICK DOTSON,** | ) JUDGE JAMES P. JONES<br>)<br>) |
| Respondent. | ) |

*Travis Ethen Darnell, Pro Se Petitioner.*

The petitioner, a Virginia inmate proceeding pro se, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his September 2025, conviction in the Scott County Circuit Court, for aggravated malicious wounding, malicious shooting into an occupied dwelling, preventing a 911 call, and obstructing justice. Upon review, I conclude that the petition must be summarily dismissed without prejudice based on Darnell's concession that he has not exhausted his claims in state court.[1]

Absent a valid excuse, a state prisoner must exhaust his available remedies in the state courts before seeking habeas relief in federal court. 28 U.S.C.

---

[1] Under Rule 4(b) of the Rules Governing § 2254 Cases, the court may summarily dismiss a § 2254 petition when it plainly appears from the petitioner's submissions that he is not entitled to relief.

§ 2254(b)(1)(A). Exhaustion requires a petitioner to present the facts and argument of his federal constitutional claims properly to the appropriate state courts up to the state's highest court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Specifically, a habeas petitioner in Virginia must "present the same factual and legal claims raised in his § 2254 petition to the [Supreme Court of Virginia] either by way of (i) a direct appeal, (ii) a state habeas corpus petition, or (iii) an appeal from a circuit court's denial of a state habeas petition." *Kent v. Kuplinski*, 702 F.App'x 167, 169 (4th Cir. 2017) (citing *Sparrow v. Dir., Dep't of Corr.*, 439 F.Supp.2d 584, 587 (E.D. Va. 2006). The petitioner bears the burden of proof to show that he has exhausted state court remedies. *Mallory v. Smith*, 27 F.3d 991, 994 (4th Cir. 1994).

In challenging his conviction, Darnell asserts that he was never read his Miranda rights, that the victim was not so severely injured to warrant an aggravated malicious wounding charge, and that he had ineffective assistance of counsel. However, he admits that he did not appeal his conviction or present any of these grounds for relief to the Supreme Court of Virginia. His excuse for failing to do so is that he is unfamiliar with the legal system and did not know how to raise these issues in state court. I am unpersuaded by this reasoning because "[j]ust as *pro se* petitioners have managed to use the federal habeas machinery, so too should they be able to master this straightforward exhaustion requirement." *Rose v. Lundy*, 455 U.S. 509, 520 (1982). A petitioner's pro se status or unfamiliarity with the law does

not excuse a failure to follow the procedural requirements of § 2254.  *Holloway v. Smith*, No. 95-7737, 1996 WL 160777, at *1 (4th Cir. Feb. 13, 1996) (unpublished); *Lovings v. Warden-Rosp*, No. 7:11-cv-00325, 2012 WL 525482, at *3 (W.D. Va. Feb. 15, 2012).  Thus, I will conclude the same here.

Accordingly, I will dismiss Darnell's § 2254 petition without prejudice to allow him to pursue state court remedies.

A separate Judgment will be entered herewith.

ENTER: February 24, 2026

/s/  JAMES P. JONES
Senior United States District Judge